

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF ILLINOIS

EASTERN DIVISION

|  |  |  |
|---|---|---|
| ROLAND J. PARKER, | ) | |
| Plaintiff, | ) | **FILED** |
| | ) | OCT 11 2016 |
| V. | ) | THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT |
| UNITED STATESAND | ) | CASE# 15 C 08534 |
| THE VETERANS ADMINISTRATION | ) | |
| Defendants | ) | |

BRIEF IN SUPPORT

OF

MOTION FOR SUMMARY JUDGMENT

AND RESPONSE TO

DECLARATION OF VA ATTORNEY

AND RESPONSE TO PLAINTIFF'S MOTION TO VACATE

NOW COMES THE PLAINTIFF, Roland J. Parker, submits this brief, pursuant to
Fed. R. Civ. P. 60(b)(1) - (6) and (18 U.S.C. § 1519) obstruction of justice in violation of
*Section 1519* of *Title* 18 of the United States Code,in support, and on behalf of the above
captioned complaint against the United States, and states.

1. The AUSA. For the Defendant has submitted a DECLARATION OF VA ATTORNEY, asking the court to deny the Plaintiff's attempt to resurrect his complaint as requested in the plaintiff's MOTOIN TO VACATE.

2. Fed. R. Civ. P. 60(b)(1)-(3-)-(6) provides subject matter, Jurisdiction, as well as, the Judicial and legal latitude to the court to reinstate the plaintiff's case and provide Summary Judgment. The AUSA's statements, in Dept. of veterans Affairs Response, of intimidation; admonitions to prudently consider going forward with a request to the court for an favorable decision, so as not to hamper any future, favorable outcome to this matter.

The plaintiff requests relief by the court under Fed. R. Civ. P. 60(1)

## 60(b)(1)

### SURPRISE

On Jan 21, 2016, a status hearing was held and the matter of Parker v. U.S. was posted on the Court, docket. On 19, Jan. 2016, the AUSA filed a Motion to Dismiss with the Court, Clerk. The U.S. mail takes approximately 5-7 days to deliver parcels from downtown Chicago, to Crete IL. .

Sadly, the plaintiff never received a Notice of Service or a copy of the AUSA's Motion to dismiss. But was able to find the pleading online. Even if the notice of service had been mailed, the U.S. mail takes approximately 5-7 days to deliver mail from downtown Chicago, to Crete IL.

## 60(b)(3)

### MISCONDUCT

Not having prior notice of the defendant's motion, having been submitted and up for immediate consideration, the plaintiff was totally Blinded, Sided, over whelming, "SURPRISED", and totally unprepared to prosecute his complaint. The plaintiff also believes that the way in which the AUSA. timed the filing of the defendant's. Motion to Dismiss, was calculated to deny the Plaintiff ample time to formulate a proper and affective response to, THE MOTION to DISMISS, satisfying **60(b)(3)** requirement for reinstatement due to misconduct by the AUSA.

**60(b)(6)**

## ANY OTHER REASON

## THAT JUSTIFIES RELIEF

60(b)(6) Empowers the court to grant relief from final judgment for "Any reason that justifies relief.

## *(18 U.S.C. § 1519)*

3. (*18 U.S.C. § 1519*) Obstruction of justice in violation of *Section 1519* of *Title*18 of the United States Code. Adds a criminal element to the original matter in as much as the defendant Hines VA Medical Hospital, and agents representing the defendant have engaged in violations of the provisions of (*18 U.S.C. § 1519*).

4. The plaintiff has made the Court aware, in a previous pleading that information in the Plaintiff's medical records has been altered.

An excerpt from (*18 U.S.C. § 1519*)reads. "Obstructive, conduct undertaken in contemplation of *any matter with in federal jurisdiction. Should an employee alter or destroy evidence, or withhold information from an investigation, for fear that full*

*disclosure may implicate a rule or regulation with in federal jurisdiction, liability for the individual and the organization may attach"*

**(18 U.S.C. § 1519)**

*Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies. Or makes a false entry in any record, document, or tangible object with intent to impede, or obstruct or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or in relation to contemplation of any such matter or case shall be fined under this title imprisoned not more than 20 years or both.*

5. Under Title (*18 U.S.C. § 1519*) one can argue that in the face of the open contract the Veterans Administration has published its Mission statement, and in the document the VA professes to be a force for support and advocacy, in (VA OIG Strategic Plan 2005-2010, and Message from the Inspector general, March 2005. *See exhibits ___ & ___*

This being the case the plaintiff believes the OIG's office was remiss in its duties and responsibilities to the plaintiff to the point of, Breach of Contract and Negligence in the performance of its duties by failing to provide the Plaintiff with the direct address of the regional Office of the Chief Council. The actions of VA in failing to perform its duties to the plaintiff have also encroached, into violations of (*18 U.S.C. § 1519*), Plaintiff also believes that it is a proper legal question to be put before the court, the liability of the OIG's conduct in refusing to provide the name and address of the regional Office of the Chief Council, so as to be in keeping with its Open contract to support and protect Veterans as they seek to repair the lives after service.

The formal letter sent to the OIG's office was explicit in its request for the type of assistance the VA claims to be, AT THE READY, to provide in its commitments to its Mission statement.

28 U.S.C. § 2401 (b) allows claims to be filed under the Federal Tort claims Act., by other than a Form 95 Complaint. Once it meets certain criterion. *(see Exhibits_____ & _____. However some of the language is very vague as to question of exactly where the claim may be filed. It uses the term agency, but the Veterans Administration is a large bureaucracy, with agencies within agencies, surly in this age of digital information storage, there is no reason to withhold the specific the pertinent information, an exact address,, that would aid the plaintiff and other veterans seeking this type of information.

The VA's mission is to serve America's veterans and their families with dignity and compassion and to be their principle Advocate in ensuring that they receive the care, support, and recognition earned in service to this Nation. And it further states the this statement comes from Abraham Lincoln's second inaugural address, Given March 4, 1865,a long with this quote. "To care for him who shall have borne the battle and for his widow and his orphan."

Under this light the Legal Theory, of liability on the part of the OIG's Office provides mitigating circumstance for the claim the plaintiff did not meet Mandatory, Administrative Requirements, in as much as the OIG's office, actions or [ lack there of], where the Proximate cause of the Plaintiff's failure to meet the (6) month waiting period between filing a proper administrative claim. The Administrative requirements of the filing of a Form (95) Complaint, would have been met otherwise.

The, AUSA also seeks to prevail by filing defective pleadings, case in point the AUSA's motion for dismissal has the plaintiff's first name misspelled so that the plaintiff name reads as Ronald J. Parker, rendering the pleading a reason in itself for the court to reject the AUSA's lack of professionalism in the preparation of the documents it files with the court.

As to the lack of supporting documents or exhibits, in support of the Plaintiff's Motion, while filing the Motion the Plaintiff was not allowed to file the exhibits with

the motion but with the Court's permission will place them in evidence during the status hearing to be held on Oct. 11, 2016. This includes a stamped receipt of a Form (95) complaint, filed on the 27th of Jan. 2016.

The thing is why wasn't the AUSA, aware of the Form 95 or if he was aware why did he not present it in the DECLARATION OF A VA ATTORNEY.

In the face of the character of the AUSA's defective pleadings, the manipulation of the FRCP, in an effort.

The pleading filed by the questions the sanctity of this court and challenges the Rights of the Jurist to rule from the bench, based on erroneous and poorly researched information at hand.

6. In His Declaration the AUSA, states that the plaintiff's claim is currently being reviewed to a conclusion before the VA Independent Medical Evaluator. But in view of the questionable nature of admissions by the AUSA, the plaintiff has no reason to believes this is true.

7. Further the defendant Hines Medical Hospital, refused a Certified Registered piece of mail containing the Plaintiff's Interrogatories addressed to Dr. Plichta. The plaintiff has provided exhibit _____ in support of this fact. See exhibit _____returned Certified Registered letter addressed to Dr. Plichta/aka Flickster.

. As a fallow up to the original from 95 Complaint, when it was discovered that (*18 U.S.C. § 1513*), attached to the Complaint, the plaintiff wrote to the General council in Washington DC. And clearly stated in the letter that accompanied the duplicate form 95 Complaint, that it was not being filed as a From 95 complaint but merely being used as a point of reference to introduced the matter the office.

However Ms. Bianca Hall signed off on the declaration, under penalty of perjury, to erroneous facts and defective document preparation.

Additional miscellaneous exhibits.

1. Letter to Office of chief council 5000 South 5th Ave., Hines, IL; Re: Tort Claim. Exhibit_____

2. Letter to Office of chief council 5000 South 5th Ave., Hines, IL; Re: Obstruction In Contemplation Exhibit_____

3. Returned Certified mail envelop addressed to Dr. Plichta, and returned with claims of not know, and unable to forward. Along with pages of plaintiff's patient records showing Doctor Plichta as a physician on the plaintiff's case' Exhibits___3-3-D____,

4. Copy of Interrogatories for dr. Plichta. Exhibit___.

5. Letter from AUSA explaining failure to provide address for Office of chief council as initially agreed by email. Exhibit._____

6. Return Request from the U.S. Dept of justice. in the third paragraph of the response to a request by the plaintiff for a From (95) the Dept. of Justice response provides a exact address as to where to file the form 95 complaint. In fact this letter provided the Washington, DC. Office of Chief Council, for the VA's DC. Address. Exhibit_____

7. from 95. dated  Jon 27. 2016.

Stamped Receipt, for filed Form (95) Claim, dated Jan. 27 2016. From the Office of the Chief Council, 5000 5th Ave, Hines, IL.  Exhibit_____

Therefore the plaintiff prays the court will review and judge the information contained in this "Brief" along with the supporting documents in the form of Exhibits _____ through_____ to have sufficient Merit to a support a Court directed, Verdict of Summary Judgment, in favor of the plaintiff.

I, Roland J. Parker, do hereby affirm, under penalty of perjury that the information presented in this, pleading is true and accurate to the best of my knowledge.

Prepared By_____

Roland  J. Parker Pro Se Litigant

3447 Gilbert CT.

Crete, IL. 60417

IN THE UNITED STATGESDISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

NOTICE OF SERVICE

I, Roland J. Parker, hereby certify that on the _11th day of October, 2016 I hand delivered a copy of this document to the following named defendant's and their council.

U.S. Department of Justice

United States Attorney

Northern District of Illinois

ZACHARY T FARDON...FEDERAL BUILDKING

United States Attorney 219 South Dearborn Street, Fifth Floor

Chicago, IL

8.131A Obstruction of Justice—Destruction, Alteration or Falsification ...
*www3.ce9.uscourts.*

VA OIG Strategic Plan                    2005-2010        *Ex 1*

# CHAPTER I

## MISSION, ORGANIZATION, AND RESOURCES

### The Department of Veterans Affairs (VA)

In one form or another, American Governments have provided veterans benefits since before the Revolutionary War. VA's historic predecessor agencies demonstrated our Nation's long commitment to veterans. The Department was established on March 15, 1989, when Public Law 100-527 elevated the Veterans Administration to Cabinet-level status.

### MISSION

VA's mission is to serve America's veterans and their families with dignity and compassion and to be their principal advocate in ensuring that they receive the care, support, and recognition earned in service to this Nation. This mission comes from Abraham Lincoln's second inaugural address, given March 4, 1865, "To care for him who shall have borne the battle and for his widow and his orphan."

### ORGANIZATION

VA has three administrations that serve veterans:

- The Veterans Health Administration (VHA) provides medical care, medical education, medical research, and back-up to the Department of Defense (DoD).

- The Veterans Benefits Administration (VBA) provides compensation and pension, education, vocational rehabilitation, and employment services, insurance coverage, housing programs, and other transition benefits and services.

- The National Cemetery Administration (NCA) provides interment, memorial services, and maintains veteran cemeteries as a permanent tribute from a grateful Nation.

### RESOURCES

VA is the second largest Federal employer. For FY 2004, VA employed nearly 220,000 personnel and spent approximately $70 billion to serve 25.2 million veterans. VA maintains facilities in every state, the District of Columbia, the Commonwealth of Puerto Rico, Guam, and the Philippines.

# Message from the Inspector General

EX 1-A

March 2005

The Department of Veterans Affairs (VA) Office of Inspector General (OIG) is resolved to ensuring VA programs and operations are efficiently and effectively managed, and free of criminal activity, waste, and abuse. We will aggressively investigate, arrest, and prosecute persons perpetrating crimes affecting VA programs. We are committed to fully understanding the key issues in VA, and focusing our resources on these issues to maximize the impact we have on helping the Department accomplish its mission. In accordance with the Government Performance and Results Act of 1993 (GPRA), the OIG has developed a Strategic Plan that describes the structure, goals, and strategies for fulfilling these commitments for Fiscal Years (FY) 2005-2010.

Over the next 6 years, OIG will focus on examining major management challenges and high-risk areas facing VA within five strategic goals of health care delivery, benefits processing, financial management, procurement practices, and information management. In addition to describing the challenges VA faces and the projects OIG will undertake in each area, this plan also establishes performance measures to assess our accomplishments.

These outcome-oriented measures demonstrate how our work is helping VA achieve its mission, improve customer satisfaction, and protect the interests of veterans and their families, as well as the taxpayer. In this 6-year period, this plan directs us to:

- Find over $6 billion in monetary benefits.
- Issue 927 reports recommending improvements and corrective actions.
- Report on 409 inspections of VA's health care and benefits processing operations.
- Achieve the highest possible ratings for OIG's professionalism and competence.
- Accomplish 13,226 arrests, indictments, administrative sanctions, and pretrial diversions, with an 87 percent rate of successful prosecutions.

We expect this plan to remain relevant to the challenges facing VA, but we consider it a living document that is subject to change as necessary. We will consult with the Department and Congress periodically and use the feedback we receive to revise this plan to continually improve our products and services. OIG remains committed to achieving our long-term strategic goals through promoting positive change in VA and, ultimately, improving services to our Nation's veterans.

*Richard J. Griffin*

RICHARD J. GRIFFIN

**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

_____

*Post Office Box 888*
*Benjamin Franklin Station*
*Washington, D.C. 20044*

GKJ:CJMarvray:cjm
157-16-0

February 11, 2016

Mr. Roland J. Parker
3447 Gilbert Court
Crete, IL 60417

EX-2

Re:   Request for Standard Form 95

Dear Mr. Parker:

This is in regard to your email request for one Standard Form 95 to the Department of Justice (Department) on January 21, 2016. Please find enclosed one Standard Form 95.

If it is your intent to present a valid claim under the Federal Tort Claims Act, the claim must include a clear explanation of the Federal government's involvement (specifying which agencies are involved), a sum certain, and the claimant's or their representative's signature. Typically, a Standard Form 95 is used to convey this information. However, other written notification may be used as long as it conforms to the aforementioned specifications. The claim must then be presented to the Federal agency whose activities gave rise to it within two years of its date of accrual. 28 U.S.C. § 2401(b).

Because your claim involves the Department of Veterans Affairs, you should submit it to that agency at the following address:

Ex3



EX 4

01/27/2016

Roland J. Parker

3447 Gilbert CT.

Crete, IL 60417

Chicago Office of Chief Council

U.S. Department of Veterans Affairs

5000 South 5th Avenue

Bldg. 1, G131

Hines, IL. 60141-3030

Re: TORT CLAIM

To the Chief Council,

On the 23rd, of March 2015 an incident occurred following surgery for the removal of a portion of this claimant's lower right lung that caused permanent damage to the claimant's heart; as a result of electroshock therapy, administered to the claimant after he was assaulted by members of the Edward Hines Jr. VA Hospital's medical staff. (*see additional documents*)

In an attempt to file a claim for damages the claimant sent a Standard Form, 95 to the Office of the Inspector General. A reply from the OIG's office was returned; although the letter from the OIG's office clearly stated that the office did not handle Tort Claims, there were no instructions or references to exactly how to proceed. Without any clear direction and the address to your offices, the claimant was left to believe that the process of submission of a claim required before suing the U.S. Gov., as the Veterans Administration, had been satisfied.

On Oct. 22 2015 an initial Complaint, for damages, was filed in The United States District Court Northern District of Illinois Eastern Division (*see additional documents*) and until the AUSA, Jonathan C. Hale, filed for and was granted a dismissal in the court proceedings the claimant felt that the course being pursued was correct.

It could be argued but the claimant feels, that by not supplying the necessary information to allow pursuit of the Tort Claim, the OIG's office was, by omission, deliberately delaying the claimant's lawful right to pursue redress in this matter.

On DEC. 12 2015 a request for Admissions was sent to the Hines VA medical Hospital addressed to Dr. Ryan Plichta, it was returned after being refused for delivery claiming that DR. Plichta was not known by

the facility and the Hospital was unable to forward the post to DR. Plichta. (*Please find photo copy enclosed*)

Along with the photo copy of the returned postal item I have enclosed a copy of a page from a 500, page Patient Progress Notes, a document that I requested as part of discovery to present at trial to support my claims as set out in my initial and Amended Complaint. The page clearly shows that Dr. Plichta was a physician on my case and as of Mar. 26th 2015 a staff member at Edward Hines Jr. VA Hospital.

Though the case [1:15-cv-08534] was dismissed it was not dismissed with prejudice with the Honorable Judge Charles P. Kocoras, making it easier to reopen the case should efforts, to resolve this matter through your office not come to a favorable conclusion for the claimant in a timely manner.

My position at this time is that, added to the OIG'S obvious and purposeful maneuver to delay addressing the issues of a legitimate claim being properly submitted and the denial of Dr. Plichta's association with the Hospital is born of the same desire.

I should think, all things considered, this matter should receive special consideration and a decision in favor of the claim rendered based on the facts as presented in the Standard Form (95) submitted to this office.

Absent from the original complaint was any pursuit of punitive damages based on [Intentional Infliction of Emotional Stress] It was always hoped that a negotiated settlement could be reached in a timely manner, so that all concerned could get on with their lives. Some with their good health in tacked and those who had suffered from reckless disregard, duly compensated for the acts of negligence that prompted the need for this claim.

Therefore, I humbly request that you give my overture consideration and find yourselves in agreement with a 21, day window of resolution. I am aware of the Six Month time consideration and find it to be an unnecessary burden on my condition, considering that the damage done to my heart carries with it the possibility of an untimely demise.

Cordially,

Roland J. Parker

03/16/2016

EX-5

Roland J. Parker

3347 Gilbert CT.

Crete, IL. 60417


Attn. Office of Chief Council

Dept. of Veterans Affairs

Edward Hines Jr. VA Hospital

5000 S. 5th AVE.

Hines, IL. 60141


RE: Obstruction, in Contemplation


Dear Mr. Monty Stokes,

I recently requested that due to the omission of designating a correct office or agency where my initial Form 95 should be submitted, after submitting the form in error to the OIG's office; that my Claim be considered in an expeditious manner.

I am not familiar with the average time such matters but feel that due to certain miscues, in the handling of this matter, and the time lost to me as a result of these miscues, that I be given the special consideration requested.

It also appears, to me, that the Office of Chief Council is, in some measure, deliberately staling My Claim, by putting it to the prolonged process that is connected to Claims.

One of the aspects of the Claims process, that I feel is totally unfair to my redress, is that the Office of Chief Council is having to consider information that fits the definitions of: Fraud and Obstruction as contained in attached reference to U.S. Title 11.

The most glaring act of obstruction is that, My, medical records were altered to make it appear that events that took place on the 23rd of March, 2015...actually took place on the 25th of March, 2015. The way the Progress Notes read they also bear a note of defamation as they deliberately out line actions, that I as a patient never engaged in.

Despite the impedance in what appears to be an attempt to deny Me redress, if this office refuses to proceed to negotiations, as outlined in my previous request, in good faith, to resolve this matter, attempts to side tract my Claim by simply stalling it will be presented to the proper office of investigation, as exactly what they are...Obstruction of my Right to proper Federal consideration of My Claim.

The exact language of the pertinent U.S. Title and penalties that attach appear in the following text.

Roland J. Parker

03/16/2016

---

Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both. (Emphasis added.)

As courts have now recognized, the elements for an offense under § 1519 include: (1) knowingly (2) destroying or concealing a record or document (3) with the intent to impede or obstruct *any matter* (including those contemplated but not yet initiated) within the jurisdiction of the United States. *United States v. Powell*, 680 F.3d 350, 355-56 (4th Cir. 2012).
The breadth of this statute in contrast to the other obstruction statutes, and its potential application in the business setting, are striking, if for no other reason than the relative obscurity of Section 1519. Notable aspects of Section 1519 that relieve the government of several burdens include:

***The defendant need not know a matter was pending or within federal jurisdiction***. Instead, the "knowingly" element refers only to the obstructive conduct. *United States v. Moyer*, 674 F.3d 192, 208 (3rd Cir. 2012). The federal nature of the statute's prohibition is a jurisdictional requirement, but not a substantive element under Section 1519. *United States v. McRae*, 702 F.3d 806, 834 (5th Cir. 2012).

***No nexus requirement***. Given that an investigation or matter within federal jurisdiction need not be initiated or even pending at the time of the obstructive conduct, the government need not prove any connection between the alleged obstructive conduct and the federal matter. *Moyer*, at 209; *United States v. Gray*, 692 F.3d 514, 519-20 (6th Cir. 2012).

***Materiality is not an element***. As an example, falsification through omission from a log or report can support a conviction, without proof of the materiality of the omission. *Powell*, at 356; *Moyer*, at 207-08.

This broad statute should be considered when advising clients at the earliest stages of an internal investigation or other compliance matter. While counsel may not recommend (and clients may resist) the issuance of a legal hold notice unless and until a government investigation or civil litigation has been initiated, Section 1519 expands the reach of such statutes to criminalize obstructive conduct undertaken in contemplation of *any* matter within federal jurisdiction. Should an employee alter or destroy evidence, or withhold information from the investigation, for fear that full disclosure may implicate a rule or regulation within federal jurisdiction, liability for the individual and the organization may attach.

---

**Enrique Martinez Mathews**, a former Registered Nurse at Veteran Affairs (VA) Medical Center Miami, was sentenced on March 2, 2016, to 60 months in prison after previously pleading guilty to altering and falsifying VA Computer Records (obstruction and computer related fraud), in violation of Title 18, United States Code, Sections 1519 and 1030.

Wifredo A. Ferrer, United States Attorney for the Southern District of Florida, and Monty Stokes, Special Agent in Charge, United States Department of Veteran Affairs, Office of Inspector General, Criminal Investigations Division (VA OIG), made the announcement.

Looking forwards to hearing from your office soon.

Sincerely,

Roland J. Parker

3447 Gilbert CT.

Crete, IL 60417

708-465-5766

cc [pending] Monty Stokes, Special Agent in Charge, United States Department of Veteran Affairs, Office of Inspector General, Criminal Investigations Division (VA OIG),

# Lab Results

3 - B

Printed On Nov 25, 2015

Mar 30, 2015@17:18  BLOOD                POC GLUCOSE:        98    mg/dL
 70 - 360
Evaluation for POC GLU:

Reference range is 70-99 mg/dL.

Ordering Provider: Ryan Plichta MD MD
Report Released..: Mar 30, 2015@20:29

                    5000 S 5TH AVENUE HINES, IL 60141-3030

Mar 30, 2015@11:51  BLOOD                POC GLUCOSE:        123   mg/dL
 70 - 360
Evaluation for POC GLU:
Reference range is 70-99 mg/dL.

Ordering Provider: Ryan Plichta MD MD

Report Released..: Apr 01, 2015@11:00
Performing Lab...: EDWARD J. HINES JR. HOSPITAL [CLIA# 14D0988151]
                    5000 S 5TH AVENUE HINES, IL 60141-3030


 70 - 360
Evaluation for POC GLU:
Reference range is 70-99 mg/dL.

Ordering Provider: Ryan Plichta MD MD
Report Released..: Mar 30, 2015@07:52
Performing Lab...: EDWARD J. HINES JR. HOSPITAL [CLIA# 14D0988151]
                    5000 S 5TH AVENUE HINES, IL 60141-3030

Mar 30, 2015@04:00  PLASMA               MAGNESIUM:          2.0   mg/dL
 1.7 - 2.4
Mar 30, 2015@04:00  PLASMA               POTASSIUM:          4.2   mmol/L

Mar 30, 2015@04:00  PLASMA               CO2:                33 H  mmol/L
 21 - 32
Mar 30, 2015@04:00  PLASMA               UREA NITROGEN:      14    mg/dL
 7 - 21
Mar 30, 2015@04:00  PLASMA               GLUCOSE:            94    mg/dL
 70 - 99
Mar 30, 2015@04:00  PLASMA                CREATININE:        0.972   mg/dL
 .67 - 1.17
Mar 30, 2015@04:00  PLASMA               eGFR:               93    mL/min
 Ref: >=60
Evaluation for K:
Plasma potassium values will be slightly lower than serum values.

<60 mL/min/1.73 square meters --> Chronic kidney disease
<15 mL/min/1.73 square meters --> Kidney failure

PARKER, ROLAND JEROME                | Printed at HINES, IL VAMC
3447 GILBERT COURT
CRETE, ILLINOIS  60417

# Lab Results

$\zeta - C$

Printed On Nov 25, 2015

Ordering Provider: Ryan Plichta MD MD
Report Released..: Mar 29, 2015@18:28
Performing Lab...: EDWARD J. HINES JR. HOSPITAL [CLIA# 14D0988151]

Mar 29, 2015@10:58  BLOOD          POC GLUCOSE:          185    mg/dL
  70 - 360

Reference range is 70-99 mg/dL.

Ordering Provider: Ryan Plichta MD MD
Report Released..: Mar 29, 2015@20:36
Performing Lab...: EDWARD J. HINES JR. HOSPITAL [CLIA# 14D0988151]
                   5000 S 5TH AVENUE HINES, IL 60141-3030

Mar 29, 2015@07:04  BLOOD          POC GLUCOSE:          137    mg/dL

Evaluation for POC GLU:
Reference range is 70-99 mg/dL.

Report Released..: Mar 29, 2015@07:07
Performing Lab...: EDWARD J. HINES JR. HOSPITAL [CLIA# 14D0988151]
                   5000 S 5TH AVENUE HINES, IL 60141-3030

Mar 29, 2015@04:00  PLASMA              :

*IONIZED CALCIUM PANEL Merged: Mar 29, 2015@04:24 by 6528
*Merge to:3169151/CH 0329 63

Ordering Provider: Todd A Baker MD MD

Mar 29, 2015@04:00  PLASMA          MAGNESIUM:            2.0    mg/dL

Mar 29, 2015@04:00  PLASMA          IONIZED CALCIUM:      1.15   mmol/L
  1.02 - 1.37
Mar 29, 2015@04:00  PLASMA          POTASSIUM:            3.7    mmol/L
  3.5 - 4.7
Mar 29, 2015@04:00  PLASMA          CO2:                  32     mmol/L
  21 - 32
Mar 29, 2015@04:00  PLASMA          UREA NITROGEN:        13     mg/dL
  7 - 21
Mar 29, 2015@04:00  PLASMA          GLUCOSE:                     mg/dL
  70 - 99
Mar 29, 2015@04:00  PLASMA          CREATININE:           0.928  mg/dL
  .67 - 1.17

  Ref: >=60
Mar 29, 2015@04:00  PLASMA          NORMALIZED CALCIUM:   1.14   mmol/L
  1.02 - 1.37

PATIENT NAME AND ADDRESS (Mechanical imprinting if available)  |  VISTA Electronic Medical Documentation

PARKER,ROLAND JEROME                    | Printed at HINES, IL VAMC
3447 GILBERT COURT
CRETE, ILLINOIS  60417



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

,
**ROLAND J. PARKER,**

*Plaintiffs*

**vs.**                                              **No. 15-cv-08534**

**VETERANS ADMINISTRATION, et al.,**
*Defendant.*

# Medical Malpractice Interrogatories to

# DR. RYAN PLICHTA

1. State your full name, professional and residence addresses, and attach a current copy of your *curriculum vitae* (CV). In the event you do not have a CV, state in detail your professional qualifications, including your education by identifying schools from which you graduated and the degrees granted and dates thereof, your medical internships and residencies, fellowships and a bibliography of your professional writing(s).

2. State whether you have held any position on a committee or with an administrative body at any hospital. If so, state when you held such position(s) and the duties and responsibilities involved in such position(s).

3. Have you ever been named as a defendant in a lawsuit arising from alleged malpractice or professional negligence? If so, state the court, the caption and the case number for each lawsuit.

4. Since the institution of this action, have you been asked to appear before or attend any meeting of a medical committee or official board of any medical society or other entity for the purpose of discussing this case? If so, state the date(s) of each such meeting and the name and address of the committee, society or other entity conducting each meeting.

5. Have you ever testified in court in a medical malpractice case? If so, state the court, the caption and the case number of each such case, the approximate date of your testimony, whether you testified as a treating physician or expert and whether you testified on your own behalf or on behalf of the defendant or the plaintiff.

PRO-SE LITIGANT

ROLAND J. PARKER

3447 Gilbert CT.

Crete, IL. 60417

708-465-5766

ATTESTATION

U.S. DISTRICT COURT                    )

NORTHEN DICTRIVT ILLINOIS              ) SS.

WESTERN DIVISION                       )
_____

_____, being first duly sworn on oath,
deposes and states that he/she is a plaintiff defendant in the above-captioned matter;
that he/she has read the foregoing document, and the answers made herein are true,
correct and complete to the best of his/her knowledge and belief.


_____

SIGNATURE


SUBSCRIBED and SWORN to before me this

_____ day of _____, 20___.

_____

NOTARY PUBLIC

17. Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the care and treatment described in the complaint was provided, or have you overheard any statement made by any person at any time with regard to the injuries complained of by the plaintiff or the manner in which the care and treatment described in the complaint was provided? If so, state the following:

a. The date or dates of such conversation(s) and/or statement(s);

b. The place of such conversation(s) and/or statements(s);

c. All persons present for the conversation(s) and/or statement(s);

d. The matters and things stated by the person in the conversation(s) and/or statement(s);

e. Whether the conversation(s) was oral, written and/or recorded; and

f. Who has possession of the statement(s) if written and/or recorded.

18. Pursuant to Illinois Supreme Court Rule 213(f), provide the name and address of each witness who will testify at trial and all other information required for each witness.

19. Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim as required by Illinois Supreme Court Rule 201(n).

20. List the name and addresses of all persons (other than yourself and persons heretofore listed) who have knowledge of the facts regarding the care and treatment complained of in the complaint filed herein and/or of the injuries claimed to have resulted therefrom.



**U.S. Department of Justice**

*E-6*

*United States Attorney*
*Northern District of Illinois*

Jonathan C. Haile
Assistant United States Attorney

Dirksen Federal Courthouse
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604

Phone:312-886-2055
Fax: 312-469-6135

January 22, 2016

Ronald J. Parker
3447 Gilbert Ct.
Crete, Illinois 60417

   Re: VA Tort Claim

Dear Mr. Parker:

  When I spoke with you in court, I stated I would e-mail you the address for the VA to which to send the SF-95 Tort Claim form. When I sent the email, however, it was returned as undeliverable, so I am sending this letter.

  The VA address is:

    Chicago Office of Chief Counsel
    US Department of Veterans Affairs
    5000 South 5th Avenue
    Bldg 1, G-131
    Hines, IL 60141-3030

    Very truly yours,

    ZACHARY T. FARDON
    United States Attorney

    By:

    JONATHAN C. HAILE
    Assistant United States Attorney

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>CHICAGO OFFICE OF CHIEF COUNCIL<br>U.S. DEPARTMENT OF VETERANS AFFAIRS<br>5000 SOUTH 5TH AVENUE, BLDG 1, G-131<br>HINES IL, 60141 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>ROLAND J. PARKER, 3447 GILBERT CT., CRETE ILLINOIS, 60417 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☐ CIVILIAN | 4. DATE OF BIRTH<br>12/05/1946 | 5. MARITAL STATUS<br>MARRIED | 6. DATE AND DAY OF ACCIDENT<br>03/23/2015 | 7. TIME (A.M. OR P.M.)<br>6:50 P.M. |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

A full description of the incident that occurred on 03/23/2015, is contained on the additional pages provided due to lack of space in this section.

*(received stamp: 2016 JAN 27 AM 10: 58 RECEIVED)*

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant currently suffers from heart condition a result of receiving electro shock therapy after going into respiratory arrest due to an intense physical scuffle that lasted more some ten or more minutes with Dr. Plichta and two other staff members, causing claimant to suffer permanent, life threating, heart condition and take RIVAROXABAN, to prevent blood clouting & AMIODARONE HCL, as a result of the electro shock administered during the incident.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| JANET M BUTLER | 3447 GILBERT CT. CRETE, IL. 60417 |
| BRIAN M. MAXFIELD | 5000 S. 5TH AVE. HINES, IL. 60141 |
| LENDSEY JOAN ZAVADIL | 5000 S. 5TH AVE. HINES, IL. 60141 |

**12. (See instructions on reverse).  AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
|  | 35,000.00 |  | 35,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>*Roland J. Parker* 01-22-2016 | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>708-465-5766 | 14. DATE OF SIGNATURE<br>01/22/2016 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br><br>The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br><br>Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

Authorized for Local Reproduction
Previous Edition is not Usable

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

95-109